PLEASE CONFORM

MOLLIE F. BENEDICT (SBN 187084)
E-Mail: mollie.benedict@tuckerellis.com
JOSHUA J. WES (SBN 238541)
E-Mail: joshua.wes@tuckerellis.com
LAUREN H. BRAGIN (SBN 286414)
E-Mail: lauren.bragin@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendant
ETHICON, INC.

FILED
CLERK, U.S. DISTRICT COURT
AUG 27 2013
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

MEGAN MOSES, MICHELLE DISHON, JANET HEDGES, ANAMARIA DOMINGUEZ, GINGER MCKINSEY, DONNA CONRAD, EVA SERRANO, LORI MYERS, JEAN WEDDLE, ANNA G. TAYLOR, LYNN HARRIS, CYNTHIA MCGUINNESS, LISA WRIGHT, JANICE MARKS, SHELLY SCHILTZ, JANET HARRISON, TERESA TROTTER, DONNA WARD, KAREN M. BAKER, DONA DAVIS, DIANNE MUSSER, DARLENA GEORGE, CASSI ROBLES, DONNA CANNON, CANDY ELLISO, TAMMY GIBSON, TINA DUGAS, LISA HUTTON, DEANNA MCNABB, SANDRA MEWHINNEY, VIRGINIA SHOCKLEY, REBECCA ELLIS, CONSTANCE RANSON, KATHRYN JOHNSON, MARCIA HUGHES, TERRI L. MORRIE, EDNA WILDER, THELMA WOODS, PATSY HARPER, PAMELA MARCUS, CAROLYN PERRY, JUDITH PETERS, RHONDA MOSELEY, ANN LOUIS JACEK, DOROTHY CHAMPION, CHARLESETTA COOPER, RHONDA PERRY, ANIA BJORKMAN, KAREN WATTS, LESLIE MATHESON, SHERRY BUIT, LADONNA PATTER, KRISTY BASSETT, NOELLA

**Case No.** CV13-06288-GAF (Ex)

[Removal from Superior Court of California, Los Angeles County Case No. BC515056]

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT ETHICON, INC.**

State Action Filed: July 12, 2013

[Filed concurrently with Declaration of Joshua J. Wes, Notice of Related Cases, and of Pendency of Other Action or Proceeding, and Certification of Interested Parties]

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

FITZPATRICK, PAMELA BUDWELL, VIRGINIA BINDERT, SHELLEY ROSE, MELISSA CROOK, ANNETTE KUDER, SHARON MCMILLIAN, SUSAN MILLER, KIMBERELY FRANK, MARGIE JONES, PATRICIA GLASS, THERESA WILSON, MYRNA VLADISERRI, AMY REEVES, TINA COLLEAR, TAMMY STEFFEK, KATHY WAGNER, DEIRDRE ANDEWS, KAREN WEBB, VIRGINIA ALDRIDGE, CHERI BEATTY, SHANNON PAYNE, AND CYNTHIA DAVIS,

Plaintiffs,

v.

JOHNSON & JOHNSON, A NEW JERSEY CORPORATION; ETHICON, INC., A NEW JERSEY CORPORATION; ETHICON, LLC, A LIMITED LIABILITY COMPANY; AND DOES 1 TO 500, INCLUSIVE,

Defendants.

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Ethicon, Inc. ("Ethicon"), by and through undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The United States District Court for the Central District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,0000.00, exclusive of interest and costs. In support of removal, Ethicon further states:

1. On or about July 12, 2013, 76 Plaintiffs from 21 states ("Plaintiffs") filed a Complaint styled *Moses et al. v. Johnson & Johnson et al.* in the Superior Court of the

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

State of California, County of Los Angeles, Case No. BC515056. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon and by Ethicon, including the Summons, Complaint, and Answer to Complaint, are attached as Exhibit A to the Declaration of Joshua J. Wes in Support of Removal ("Wes Decl."), filed concurrently herewith. Plaintiffs assert claims for negligence; negligence per se; strict liability – design defect; strict liability – manufacturing defect; strict liability – failure to warn; breach of implied warranties; and gross negligence. (Compl. ¶¶ 155-219.)

2. The Complaint is one of five complaints filed on the same day by the same attorneys in the same court without their having been assigned to any one judge on behalf of 305 plaintiffs from various states across the entire country.

3. The Plaintiffs' claims involve different products, different surgeons, different medical conditions, different states, and different state laws, and each one of the 305 plaintiffs allege monetary relief claims against Defendants in excess of $75,000, exclusive of interest and costs. In an attempt to exalt form over substance, counsel has joined two New Jersey Plaintiffs in each one of the five complaints; counsel has also joined fewer than 100 persons as party plaintiffs. Both decisions are mere artifices to try to evade the original subject matter jurisdiction of this Court granted by the United States Constitution, Art. III, § 2, cl. 1 as implemented by Congress in 28 U.S.C. § 1332(a) (diversity jurisdiction) and in 28 U.S.C. § 1332(d) (CAFA mass action jurisdiction). By doing so, these 305 Plaintiffs have also attempted to defeat Defendants' federal statutory right of removal granted by 28 U.S.C. §§ 1441 *et seq.* & 1453 and to avail themselves of their rights under 28 U.S.C. § 1332(a), (d) as non-resident defendants to be sued and defend themselves in federal court.

4. More specifically, for no apparent reason other than to attempt to evade this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and this Court's CAFA mass action jurisdiction under 28 U.S.C. § 1332(d), these 305 plaintiffs have parceled their

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

claims against Defendants into five separate filings, with the number of persons per suit ranging between 12 and 97.

5. Thousands of pelvic mesh product liability cases have been filed in federal district courts across the country that are based upon diversity jurisdiction and allege injuries similar to those claimed by Plaintiffs in this case, allegedly arising from the implantation of various mesh products. Accordingly, the United States Judicial Panel for Multidistrict Litigation ("JPML") has established six separate Multi-District Litigations ("MDLs") for claims related to different manufacturers' mesh products - five in the United States District Court for the Southern District of West Virginia and one in the United States District Court for the Middle District of Georgia. *See, e.g., In re: Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 2012 WL 432533 (J.P.M.L. Feb. 7, 2012) (granting centralization of Ethicon MDL No. 2327 ("Ethicon MDL")). Discovery is proceeding in the Ethicon MDL, and the first bellwether trial is scheduled for January of 2014.

6. Based on this Court's jurisdiction under 28 U.S.C. § 1332(a), Ethicon shall promptly request that the JPML transfer this action to the Ethicon MDL pursuant to the "tag-along" procedure contained in the JPML Rules. In addition, Ethicon will seek a stay of these proceedings in the case *sub judice* in the interests of judicial efficiency and consistency so that the MDL Court can decide the issue of remand, if it arises.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1332(A).

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

///

///

///

///

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## A. The Amount in Controversy Requirement Is Satisfied.

8. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

9. It is facially evident from the Complaint that as to each Plaintiff, the amount in controversy exceeds $75,000.00. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997). A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

10. Plaintiffs allege that each one has suffered "severe injuries and damages" and that has "sustained in the past, and will sustain in the future, pain and suffering, mental anguish, emotional distress, disfigurement, physical impairment, embarrassment and humiliation, psychological injury, a reasonable and traumatic fear of an increased risk of additional injuries, progression of existing conditions, and other serious injury and loss." (Compl. ¶ 222.) They seek damages for past and future medical expenses, as well as lost wages, lost earning capacity, and other damages. (Compl. ¶ 223.)

11. It is plain based on these allegations that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries

[1] The preponderance of the evidence standard was recently announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

from taking a prescription drug "obviously asserts a claim exceeding $75,000"). *See, e.g., McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy established by "alleged damages for property, travel expenses, and emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and her temporary inability to do housework.")).

12. In addition, Plaintiffs seek punitive or exemplary damages and attorneys' fees. (Compl. ¶ 245-46.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).

13. Other cases brought by plaintiffs alleging similar severe pain, infection, and corrective surgeries have resulted in verdicts in excess of $75,000.00, exclusive of interest and costs. (Wes Decl. ¶ 4, Exhibits B and C.) Given the similarity between the injuries alleged in other cases and the injuries alleged by Plaintiffs here, and based on defense counsel's experience defending products liability actions, it is facially evident from the Complaint that each Plaintiff has placed in excess of $75,000.00 in controversy, exclusive of interest and costs. (*Id.*)

14. Thus, on the face of Complaint, the amount in controversy for each Plaintiff exceeds $75,000, exclusive of interest and costs, and this jurisdictional requirement is satisfied.

**B. <u>Complete Diversity of Citizenship Exists Between the Properly Joined Plaintiffs</u>**

15. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in the New Brunswick, New Jersey. (Wes Decl. ¶ 5)

16. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

in the State of New Jersey and has its principal place of business in Somerville, New Jersey. (Wes Decl. ¶ 6)

17. The citizenship of the John Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. See 28 U. S.C. § 1441(b) ("[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

18. **Notice Pursuant to FED. R. CIV. P. 44.1 of the Applicability of Foreign Law with Respect to the Citizenship of the Members of Ethicon LLC:** Defendant, Ethicon LLC, is, and was at the time the state action was commenced, a limited liability company organized under the laws of the State of Delaware. (Wes Decl. ¶ 7) For purposes of determining the citizenship of Ethicon LLC, it is a citizen of each state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). The only members of Ethicon LLC are (a) Ethicon PR Holdings and (b) EES Holdings de Mexico, S. de R.L. de C.V. Ethicon PR Holdings is, and was at the time the state action was commenced, a Private Unlimited Company organized under the laws of Ireland with its principal place of business in County Cork, Ireland. (Wes Decl. ¶ 7) The laws of Ireland apply to whether Ethicon PR Holdings is a juridical entity. *See Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 298-99 (5th Cir. 2010); *Baja Dev. LLC v. TSD Loreto Partners*, No. 09-756, 2010 WL 1758242, *4 (D. Ariz., Apr. 30, 2010). Pursuant to Section 18.2 of The Companies Act, 1963 of the Republic of Ireland; *Salomon v. A. Salomon & Co Ltd.*, [1897] A.C. 22, and *Foss v. Harbottle,* 2 Hare 461, 67 E.R. 189 (1843), Ethicon PR Holdings is a juridical entity under the laws of Ireland that is entitled to sue and be sued in its own name. EES Holdings de Mexico, S. de R.L. de C.V. is, and was at the time the state action was commenced, a Sociedad de Responsabilidad Limitada de Capital Variable organized under the laws of Mexico with its principal place of business in Juarez, Chihuahua, Mexico. (Wes Decl. ¶ 7) The laws of Mexico apply to whether EES Holdings de Mexico, S. de R.L. de C.V. is a juridical

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

entity. *See Stiftung,* 603 F.3d at 298-99; *Baja Dev. LLC,* No. 09-756, 2010 WL 1758242, *4. Pursuant to Articles 1(III), and 2 of the General Mercantile Corporations Law and Articles 25(III), & 26-28 of the Federal Civil Code of the Republic of Mexico, EES Holdings de Mexico, S. de R.L. de C.V. is a juridical entity under the laws of Mexico that is entitled to sue and be sued in its own name.

19. The 76 Plaintiffs listed in the Complaint are citizens of 21 states: Arizona, Arkansas, California, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Nevada, New Jersey, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Virginia, West Virginia, Wyoming. (Compl. ¶¶ 3-78.) Out of these 76 Plaintiffs, only 2 are alleged to be citizens of the State of New Jersey. (Compl. ¶¶ 8-9.)

20. As explained below, the two New Jersey Plaintiffs are fraudulently misjoined. Accordingly, their presence should be ignored for purposes of federal jurisdiction, and their claims should be severed and remanded to California state court.

**C. The Inclusion by Seventy-four Plaintiffs of the Two New Jersey Plaintiffs in the Complaint Is a Sham That Constitutes Improper Jurisdictional Manipulation, and Does Not Deprive Defendants of Their Right of Removal to Federal District Court Under 28 U.S.C § 1332(a).**

21. Congress first implemented the federal constitutional grant of diversity jurisdiction by its passage of the Judiciary Act of 1789, 1 Stat. 78, 11. The federal courts have had jurisdiction over suits between citizens of different states ever since. The Act of March 3, 1875, § 1, 18 Stat. 470, first established the language found today in 28 U.S.C § 1332(a). Plaintiffs have been attempting to deprive defendants of their federal right of removal of actions filed in state court ever since then, but the United States Supreme Court has adopted judicial tools such as the prohibition against jurisdictional manipulation and the doctrine of fraudulent joinder to prevent those efforts.

22. In *Alabama Great Southern Railway v. Thompson,* 200 U.S. 206, 213-17 (1906), the Supreme Court reviewed several prior decisions and reaffirmed the principle held that a plaintiff's personal injury suit for negligence brought against joint tortfeasors

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

was not removable by a non-resident defendant railroad as a separable controversy so long as the plaintiff had a colorable right of recovery against the defendant in-state employees of the railroad for their alleged acts of negligence in their capacity as the engineer and conductor of the train that killed the intestate of the plaintiff. When doing so, the Supreme Court went on to explain:

> It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat Federal jurisdiction. In such cases entirely different questions arise, and the Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals.
>
> In the present case there is nothing in the questions propounded which suggests an attempt to commit a fraud upon the jurisdiction of the Federal courts.

200 U.S. at 218.

23. In its very next term, the Supreme Court quoted the foregoing language from *Thompson* with approval, *see Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 183 (1907), and it reaffirmed the principle that federal trial courts must not tolerate improper practices or devices that attempt to manipulate a non-resident defendant's legal right to be sued in federal court:

> While the plaintiff, in good faith may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the *Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right*, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.

*Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907) (emphasis added); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 & n.2 (1981) (recognizing "'defendant's right to a federal forum'") (quoting 14 C. WRIGHT, A. MILLER, & E. COOPER, *Federal Practice and Procedure* § 3722, at pp. 564-66 (1976)); *Carpenter v. Wichita Falls I.S.D.*, 44 F.3d 362, 366 (5th Cir. 1995) (recognizing "defendant's right to remove" a federal question case); *Baldwin v. Sears, Roebuck & Co.*,

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

667 F.2d 458, 459 (5th Cir. 1982) ("28 U.S.C. § 1441 creates a broad right of removal.").

24. The inclusion or designation of a party to a suit "although fair on its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). Without limitation, this means that Defendants' "right of removal" cannot be defeated by the fraudulent joinder of a party "having no real connection with the controversy." *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

25. The United States Supreme Court does not permit either plaintiffs or defendants to engage in manipulative attempts to create or to defeat the diversity jurisdiction of the federal district courts. The Supreme Court and the federal appellate courts have, rather, consistently disregarded and struck down, for diversity jurisdiction purposes, manipulative artifices such as (1) the plaintiff's improper attempt to realign a party for the purpose of both creating or defeating diversity, *see City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63 (1941) (realignment of defendant as plaintiff and remanding suit to state court based on lack of diversity post-realignment); *City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310 (11th Cir. 2012) (realignment of defendant as plaintiff after removal and denying the plaintiff's motion to remand for lack of diversity as subject matter jurisdiction existed after realignment); (2) the filing of non-binding stipulations, *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); (3) permissible but nonetheless sham practices, *see Hertz Corp. v. Friend,* 559 U.S. 77, 97 (2010); or (4) the naming of nominal parties, *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 460, 461 (1980). The Court has never suggested that a federal court's power to protect its diversity jurisdiction is limited to detecting and defeating these particular artifices. *See Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907); *Gentle v. Lamb-Weston*, 302 F. Supp. 161, 165 (N.D. Me. 1969) ("[S]ince 1887 the [U.S. Supreme] Court has condemned similar practices in a way which makes it

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

clear that the federal courts should be alert to protect their jurisdiction against cleverly-designed maneuvers designed by ingenious counsel to defeat it").

26. The principle that the plaintiff is the master of her complaint is not a talisman that deprives Defendants of their Constitutionally-backed, Congressionally-sanctioned right of removal. As explained below, the inclusion by the 74 plaintiffs of the two token New Jersey plaintiffs in this proceeding is the precise type of manipulative artifice that numerous precedents of the United States Supreme Court prohibit.

27. The claims of the 76 Plaintiffs against Defendants are severable and not joint: each Plaintiff alleges a separate claim against Defendants based on an entirely different set of facts. See Part I.D., *infra*. Indeed, three of the Plaintiffs named in the Complaint have identical claims alleged here that are also pending against Defendants in the United States District Court for the Southern District of West Virginia or New Jersey. *See* Short Form Complaint (Apr. 28, 2013) *filed in Marcus v. Ethicon, Inc.*, No. 2:13-cv-09303 (MDL 2327); Complaint (May 2, 2013) *filed in Gibson v. Ethicon, Inc.*, No. ATL-L-2130-13 (N.J. Sup. Ct.); Short Form Complaint (June 24, 2013) *filed in Dishon v. Ethicon, Inc.*, No. 2:13-cv-15403 (MDL 2327). As the foregoing Complaints show, each Plaintiff named in the Moses Complaint has her own individual "case or controversy" against Defendants, *see* U.S. Const. art. III, and each Plaintiff is the real party in interest for her individual claims. *See* Fed. R. Civ. 17. Put differently, Plaintiff Megan Moses does not have standing to prosecute the alleged claims of any other plaintiff named in the Moses Complaint.

28. To the extent that their separate claims may be joined under the California or Federal Rules of Civil Procedure into a single proceeding, those procedural rules of joinder of parties "do not extend or limit" the subject matter jurisdiction of the Federal district courts. *See* Fed. R. Civ. Pro. 82. Thus, any such procedural rule must yield to 28 U.S.C. § 1332(a). More fundamentally, the Complaint alleges no facts that show or even suggest that the claims of the New Jersey plaintiffs have any substantive nexus with the State of California or its state courts. The two token New Jersey plaintiffs are the

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

putative "poison pill" that the 74 Plaintiffs whose citizenship is diverse from Defendants are improperly using to try and deprive Defendants of their legal right to defend themselves in this Federal district court.

29. "So long as federal diversity jurisdiction exists * * * the need for its assertion may well be greatest when the plaintiff tries hardest to defeat it. The plaintiff who chooses to sue a noncitizen defendant in a state court may be motivated by the hope that the out-of-state defendant will be at a substantial disadvantage in that court, and the likelihood of such motivation increases with the lengths to which the plaintiff will go to prevent removal to a federal forum." American Law Institute, *Study of the Division of Jurisdiction Between State and Federal Courts*, Commentary on Proposed § 1307 at 104 (September 25, 1965 Official Draft). Under *Thompson, supra*, and its progeny, the citizenship of the two New Jersey plaintiffs should be disregarded because of the other 74 plaintiffs attempt to defeat this Court's original subject matter jurisdiction under 28 U.S.C. 1332(a). Accordingly, this Court should sever the two New Jersey plaintiffs from these proceedings. See Fed. R. Civ. Pro. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")

**D. In the Alternative, the Two New Jersey Plaintiffs Are Fraudulently Misjoined in This Case and The Court Should Sever Their Claims and Remand Their Claims to State Court.**

30. Federal diversity jurisdiction exists "where diversity is destroyed only through misjoinder of parties." *Asher v. 3M Co.*, No. 04-CV-522-KKC, 2005 WL 1593941, at *7 (E.D. Ky. June 30, 2005) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)). "[F]raudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction." *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002).

31. The Ninth Circuit has referred to the misjoinder of parties as an artifice to defeat diversity jurisdiction in three decisions, including, most recently, *California Dump*

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

*Truck Owners Ass'n v. Cummins Engine Co.,* 24 F. App'x 727 (9th Cir. 2001). *See also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998); *Thomas v. Great N. Rwy.*, 147 F. 83, 84 (9th Cir. 1906) (misjoinder of defendants). In *Cummins Engine,* the appellate court cited *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000), and stated that it would "assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs." *Cummins Engine,* 24 F. App'x at 727, *7.

32. Other federal appellate courts and numerous trial courts have recognized the validity of and the vital need for the fraudulent misjoinder rule and following the Eleventh Circuit's lead have adopted this doctrine, including in circumstances nearly identical to those presented here.[2] According to Wright & Miller, the doctrine "may represent a third type of fraudulent joinder . . . . The three [types] hold the promise of providing strong protection for the defendant's statutory right to remove." Charles Alan Wright et al., 14B FED. PRAC. & PROC. JURIS. § 3723 (4th ed.) As one court put it, "[t]he premise which underlies the concept of fraudulent misjoinder is that diverse defendants ought not be deprived of their right to a federal forum by such a contrivance as this." *Reed v. Am. Med. Sec. Group, Inc*., 324 F. Supp. 2d 798, 805 (S.D. Miss. 2004).

33. Plaintiffs' claims are misjoined because they do not meet federal or California's joinder rules as they do not involve the same transaction or occurrence. *See*

---

[2] *See, e.g.*, *Keune et al. v. Merck & Co., Inc.*, Doc. 63, No. 12-MDL-2331 (E.D.N.Y. May 17, 2013) (adopting magistrate's report and recommendation, which denied remand and held that "[t]here is no basis for joining, in a single action, fifty-four plaintiffs from twenty-four jurisdictions who purchased different products at different times from unidentified sources."); *Welch v. Merck Sharpe & Dohme Corp.*, MDL NO. 2243, No. 11-3045, 2012 U.S. Dist. LEXIS 48114 (D.N.J. Apr. 3, 2012) (recognizing and finding fraudulent misjoinder where the lawsuit joined 91 plaintiffs from 28 states in Missouri state court where only three Plaintiffs were Missouri citizens); *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (noting "fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction"); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) ("[T]his Court agrees with the Fifth and Eleventh Circuits that the [fraudulent misjoinder] rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court.") (internal citations omitted); *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D. W. Va. 2004) (holding that diversity jurisdiction cannot be defeated "through . . . joining nondiverse plaintiffs").

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

FED. R. CIV. PROC. 20; *see also* Cal. Code Civ. Proc. § 378(a). Plaintiffs allege absolutely no factual connection among their claims, aside from the basic fact they each were implanted with one or more of a number of different pelvic mesh products.

**1. The Claims of 76 Unrelated Plaintiffs Related to the Implantation of Numerous Different Products Do Not Arise from the Same Transaction or Occurrence**

34. The Complaint does not disclose what product(s) each Plaintiff was allegedly implanted with, alleging only that the implanted medical devices are "mesh Products which were designed primarily for the purposes of treating pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI")." (Compl. ¶ 115). The implanted products could therefore be any combination of one or more of the following Ethicon transvaginal mesh products: Prolift, Prolift +M, Gynemesh, Prosima, TVT, TVT-O, TVT-S, TVT-Exact, or TVT-Abbrevo. These products are prescription Class II medical devices regulated by the United States Food & Drug Administration under the Food, Drug & Cosmetic Act, as amended, *see* 21 U.S.C. § 301 *et seq.,* and each product has its own unique packaging and labeling. Each one of these devices has been implanted in distinct surgeries by different surgeons or physicians around the country. The claims of these 76 Plaintiffs are therefore distinct in significant ways such that they cannot plausibly arise from the same transaction, occurrence, or series of transactions or occurrences:

a. **Different products:** Plaintiffs are joined together despite the fact that their Complaint alleges claims arising from the implantation of various unnamed products. The transvaginal mesh devices are all distinct products that were developed and introduced over the course of several different years, involved separate and distinct regulatory clearances, and which have distinct labeling. *See, e.g., In re Diet Drugs*, No. Civ. A. 98-20478, 1999 WL 554584, *3 (E.D. Pa. July 16, 1999) (pleading went "well beyond mere misjoinder" where plaintiffs "attempt[ed] to join persons from seven different states into one civil action who have absolutely no connection to each other

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

except that they each ingested fenfluramine, Redux (dexfenfluramine), phentermine or some combination of those drugs"); *Stinnette v. Medtronic, Inc.*, No. H-09-03854, 2010 WL 767558, *2 (S.D. Tex. Mar. 3, 2010) (claims improperly joined because "[i]f the plaintiffs were prescribed different models of Medtronic's devices . . . and these different models each malfunctioned in some way, then the inquiry necessarily focuses on different transactions or occurrences.").

b. **Different alleged injuries:** The Complaint does not allege injuries specific to each Plaintiff. Rather, it alleges that the products in general cause "chronic pain, fibrotic reaction, disability, and infection" as well as "erosion through vaginal epithelium, infection, pain, urinary problems, and recurrence of prolapse and/or incontinence in addition to . . . perforation of the bowel, bladder, and blood vessels." (Compl. ¶¶ 120-21). This is a broad array of injuries that Plaintiffs have failed to attribute to any specific product, let alone any single Plaintiff. *See Welch v. Merck Sharpe & Dohme Corp.*, MDL NO. 2243, No. 11-3045, 2012 U.S. Dist. LEXIS 48114, at *3 (D.N.J. Apr. 3, 2012) (finding fraudulent misjoinder where "[e]ach Plaintiff broadly alleges 'a long bone fracture" but "no Plaintiff actually identifies which long bone was fractured, the type of fracture sustained, or how the fracture occurred"); *see also In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146 (holding plaintiffs misjoined where "they do not allege injuries specific to each of them so as to allow the Court to determine how many plaintiffs, if any, share injuries in common"); *Simmons v. Wyeth Laboratories, Inc.*, 1996 U.S. Dist. LEXIS 15950, Nos. 96 CV 6631, 6686, 6728, 6730, 1996 WL 617492 (E.D. Pa. Oct. 24, 1996) (plaintiffs misjoined where they "do not allege the exact nature of their injuries or damages, other than averring that plaintiffs experience one or more of numerous injuries and side effects."); *see also Farmers Ins. Exchange v. Adams*, 170 Cal. App. 3d 712 (1985) *disapproved on another ground in Garvey v. State Farm Fire & Casualty Co.*, 48 Cal.3d 395, 411 n.10 (1989 (finding it "improper to label the damage herein to innumerable types of structures, occurring at widely separated locations within

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

the state, resulting from a myriad of causes, and under various conditions as the 'same transaction or occurrence' within the meaning of Code of Civil Procedure section 379.").

c. **Different medical histories of Plaintiffs:** In addition to the varying alleged injuries purportedly related to Plaintiffs' use of the pelvic mesh at issue in this litigation, each one of the Plaintiffs has a unique medical history, which includes the highly individualized conditions and symptoms their surgeries were intended to treat, as well as their unique gynecological, urological, and other medical histories. *See Boschert v. Pfizer,* No. 4:08-cv-1714, 2009 WL 1342142, 2009 U.S. Dist. LEXIS 41261, *3-5 (E.D. Mo. May 14, 2009) (holding plaintiffs misjoined where the only commonality was the drug ingested and citing cases holding misjoinder where plaintiffs "had different exposures to the drug, different injuries, and different medical histories" and where plaintiffs had many differences "including their unique medical histories").

d. **Different physicians and surgical procedures:** Additionally, the pelvic mesh products for each of the Plaintiffs were likely implanted by different physicians, for different medical reasons, at different times, and at different medical facilities across the country. Further, the surgeons likely practiced different implantation techniques, performed different concomitant procedures such as hysterectomies, and conveyed different warnings to their patients. These are important differences in Plaintiffs' individualized claims that make joinder particularly inappropriate here. *See, e.g., Hyatt v. Organon, U.S.A., Inc.*, No. 4:12CV1248, 2012 U.S. Dist. LEXIS 146905, 53 (E.D. Mo. Oct. 10, 2012) (plaintiffs misjoined where "[e]ach Plaintiff was injured at different times in different states allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers"); *Alday v. Organon United States*, No. 4:09-cv-1415, 2009 WL 3531802, 2009 U.S. Dist. LEXIS 100031 (E.D. Mo. Oct. 27, 2009) (same); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145-46 (S.D.N.Y. 2001) (prescription drug plaintiffs' claims fraudulently misjoined where they did not "allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time" and where they alleged "different injuries"); *Chaney v. Gate Pharm.* (*In*

*re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*), No. Civ. A. 98-20478, 1999 WL 554584, at *3-4 (E.D. Pa. July 16, 1999) ("[t]he claims of plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician, hospital or diet center, do not satisfy the transaction or occurrence requirement" and "go[] well beyond mere misjoinder.").

e. **Different dates of the implant**: Though Plaintiffs have not specifically alleged dates of implantation, it is likely that their surgeries have occurred over the course of years. The warnings, labels and marketing materials for these products changed over time, as well as the relevant literature available at the time of the implant. *See, e.g., Alday,* 2009 WL 3531802, 2009 U.S. Dist. LEXIS 100031 at *20 (plaintiffs misjoined where "[e]ach Plaintiff was injured at different times in different states allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers"); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 145-46 (prescription drug plaintiffs' claims fraudulently misjoined where they did not "allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time" and where they alleged "different injuries").

35. In sum, there is no apparent connection among Plaintiffs' claims, beyond the fact they allege they were implanted at some point in time with one or more "Mesh Products." *See, e.g., Welch*, 2012 U.S. Dist. LEXIS at 48114 (finding fraudulent misjoinder under Missouri law and observing "there is evidence that Plaintiffs structured their complaint in order to defeat diversity jurisdiction" where the lawsuit joined 91 plaintiffs from 28 states in Missouri state court and only three Plaintiffs were Missouri citizens; moreover, the claims were not properly joined because it was "impossible to determine how the Plaintiffs share any connection"); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684 (D. Nev. 2004) (holding plaintiffs fraudulently misjoined because "the ingestion of medication among various Plaintiffs alone cannot constitute the 'same transaction or occurrence.'"). It is like saying that a claim regarding the seat belt restraint system of a 2002 Ford car and a claim regarding the air bag restraint system of a 2012 Ford truck

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

arise from the same transaction or occurrence because they both involve the safety restraint devices used in motor vehicles. This superficial commonality is grossly inadequate to satisfy the same transaction or occurrence requirement of the California joinder rules. Cal. Code Civ. Proc. § 378(a); *compare Moe v. Anderson*, 207 Cal. App. 4th 826, 847 (2012) (affirming demurrer without leave to amend where plaintiffs' sexual harassment claims against defendant doctor could not properly be joined because assaults took place on different dates and therefore did not arise out of same transaction or series of transactions, even if negligence claims against doctor's employer were properly joined), *and Farmers Ins. Exch. v. Adams*, 170 Cal. App. 3d 712, 723 (1985) (holding that damage homeowners experienced from heavy storm in Northern California did not arise out of same transaction or occurrence because storm caused damage to "innumerable types of structures…at widely separated locations from within the state," making joinder of defendant insureds' claims inappropriate) (disapproved on other grounds by *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 411 fn.10 (1989)), *with Anaya v. Superior Court*, 160 Cal. App. 3d 228 (1984) (allowing joinder where plaintiffs' claims all arose out of the same chemical exposure at a single location against a single oil company defendant).

36. Moreover, the erroneous joinder of these various claims will not serve to promote the efficient resolution of these claims. Rather, the result will be quite the opposite. For each case, the court will need to apply the "governmental interest" approach to determine which state's laws will apply. *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87-88 (2010). Accordingly, the product liability laws of potentially 21 or more different states will apply to this case, and 21 sets of jury instructions will be required. *See Boschert v. Pfizer, Inc.*, Civ. No. 08-1714, 2009 U.S. Dist. LEXIS 41261, 2009 WL 1383183 (E.D. Mo. May 14, 2009) (granting severance in part because "four sets of jury instructions would be required to encompass the laws from four different states"). As the court observed in *Chaney*, "[t]he joinder of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

adjudication of the asserted claims. Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process." *Chaney v. Gate Pharm.* (*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*), No. Civ. A. 98-20478, 1999 WL 554584, at *3-4 (E.D. Pa. July 16, 1999).

37. Accordingly, this Court should and must disregard the citizenship of the New Jersey Plaintiffs.

**2. Egregiousness Is Not Required for a Showing of Fraudulent Misjoinder; However, Plaintiffs' Intent to Evade Federal Subject Matter Jurisdiction Is Plain.**

38. Egregiousness is not strictly required for a showing of fraudulent misjoinder of plaintiffs.[3] *See Greene*, 344 F. Supp. 2d at 685 (rejecting requirement of "egregious" misjoinder in order for fraudulent misjoinder rule to apply: "In so holding, the Court rejects the notion that Plaintiffs have committed an egregious act or a fraud upon the Court. In [the Ninth] [C]ircuit, fraudulent joinder is a term of art which "does not impugn the integrity of plaintiffs or their counsel and does not refer to an intent to deceive.") In

[3] As United States District Judge Kaplan of the Southern District of New York has held, the reason for the egregiousness requirement is not compelling in the context of misjoinder of *plaintiffs*, and thus egregiousness is not required. *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 147 (S.D.N.Y. 2001). In his decision, Judge Kaplan court noted that "[a]rguably a plaintiff's right to choose among defendants and claims -- the principal reason for imposing a strict standard of fraudulent joinder to effect removal -- is not compromised where claims of co-plaintiffs are severed or dismissed. This is not to say the cost and efficiency benefits to joined plaintiffs are immaterial; they simply do not carry the same weight when balanced against the defendant's right to removal." *Id.*; *accord*, *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D. W. Va. 2004) (adopting the reasoning of *Rezulin*). In addition, to "the cost and efficiency benefits to joined plaintiffs" identified in *In re Rezulin Prods. Liab. Litig.*, *supra*, another court following the *Rezulin* opinion has noted that a federal district court should be mindful "of the right of the plaintiff to choose the course and forum for his or her claim." *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D. W. Va. 2004). Removal of this case and transferring it to the Ethicon MDL or, in the alternative, severing the claims of the non-diverse Plaintiffs and remanding their claims to state court, will not run afoul of either one of these factors.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

any event, Plaintiffs' joinder constitutes an egregious attempt to deprive Defendants of their right to federal court jurisdiction. In this case, Plaintiffs have clearly crafted their complaints in obvious evasion of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA gives federal district courts jurisdiction over a "civil action . . . in which monetary claims for relief of 100 or more persons are proposed to be tried jointly on the grounds that the plaintiffs' claims involve common questions of law or fact . . . ." *See* 28 U.S.C. § 1332(d)(11)(B)(i). Here, 305 Plaintiffs brought suit with identical complaints filed by same attorneys, all in the Los Angeles County Superior Court, all on the same day, with those cases not being assigned to any one trial judge. For no apparent reason other than an attempt to evade CAFA, these 305 Plaintiffs have separated their complaints into five separate actions. A review of the five Complaints shows:

| Case Name | Number of plaintiffs | Number of NJ / CA plaintiffs | Date of filing |
|---|---|---|---|
| *Clavesilla et al. v. Johnson & Johnson, Ethicon, Inc., et al.* | 97 | 2 NJ / 5 CA | 7/12/2013 |
| *Lange et al. v. Mentor Worldwide LLC*[4]*, Ethicon, Inc.* | 12 | 2 NJ / 1 CA | 7/12/2013 |
| *Miller et al. v. Johnson & Johnson, Ethicon, Inc. et al.* | 55 | 2 NJ / 5 CA | 7/12/2013 |
| *Moses et al. v. Johnson & Johnson, Ethicon, Inc. et al.* | 76 | 2 NJ / 5 CA | 7/12/2013 |
| *Ruiz et al. v. Johnson & Johnson, Ethicon, Inc. et al.* | 65 | 2 NJ / 8 CA | 7/12/2013 |
| **TOTAL PLAINTIFFS** | **305** | | |

[4] Mentor Worldwide LLC is a limited liability corporation, whose sole member is Ethicon, Inc.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

As the Supreme Court instructs, for "CAFA jurisdiction purposes," federal courts, should not "exalt form over substance . . . ." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013).

39. Moreover, on the face of the Complaint, the issue of impermissible manipulation of jurisdiction to attempt to defeat Defendants' statutory right of removal is plainly raised where two New Jersey Plaintiffs elect to file their claims against two Defendants who are organized under the laws of the State of New Jersey and have their principal places of business in New Jersey, with many of their key documents and witnesses located there, all the way across the country in California despite the fact that most, if not all, of the evidence is located in and witnesses pertinent to their claims reside in New Jersey, and there is presently a consolidated mesh litigation pending before Honorable Carol E. Higbee, Presiding Judge Civil, in the Superior Court of New Jersey Law Division, Atlantic County, New Jersey.

40. Only 5 of 76 Plaintiffs in this case have any apparent connection to the State of California. (Compl. ¶¶ 3-7.) The non-California diverse Plaintiffs, rather than filing suit far from home in a jurisdiction with no evident connection to their claims, could have filed suit in their own home states, in New Jersey, or in the Ethicon MDL.

41. Even though Los Angeles County is approximately 2,700 miles away, has no connection to their claims, and even though coordinated pelvic mesh litigation is pending in their home state, and voluminous and substantial discovery has already occurred in that tribunal, the New Jersey Plaintiffs have nonetheless elected to join a multi-party lawsuit in Los Angeles County, California. The Complaint contains no allegation that shows that the claims of these New Jersey Plaintiffs have any factual or otherwise substantive connection to the State of California or that there are any impediments to the claims of these New Jersey Plaintiffs being heard in the coordinated proceedings in New Jersey. To the contrary, no plaintiff interested in obtaining redress for grievance – the only legitimate purpose for filing a lawsuit – would have taken this course. Only one conclusion is possible: these non-California Plaintiffs have joined in this action for the

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

sole purpose of defeating federal diversity jurisdiction. But, and in any event, severing and remanding the non-diverse New Jersey Plaintiffs to state court pursuant to Federal Rule of Civil Procedure 21 will not deprive them of the forum of their choice or any costs and efficiencies of being temporarily joined until their cases are severed as required by law. *See, e.g.*, *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) ("the Court is inclined to sever claims where the joinder is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance"). Such a ruling simultaneously will uphold Defendants' statutory right of removal.

42. In this case, plaintiffs whose actions have no connection whatsoever to the State of California are seeking to use the procedural mechanism of permissive joinder to file a suit they could not likely have filed individually under the doctrine of forum non conveniens. *See Stangvik v. Shiley, Inc.*, 54 Cal.3d 744, 753 (Cal. 1991) (explaining that "a foreign plaintiff's choice deserves less deference than the choice of a resident"). This runs counter to the well-settled principle that procedural rules addressing permissive joinder may not be used to limit the Congressional grant of diversity jurisdiction found in 28 U.S.C. § 1332(a). *See* Advisory Comm. Note, FED. R. CIV. P. 20 (1937) ("The provisions of this rule for the joinder of parties are subject to Rule 82."); FED. R. CIV. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). Indeed, when "a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its *duty* to take such jurisdiction." *England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964) (emphasis added) (quoting *Willcox v. Consolidated Gas Co.*, 212 U.S. 19, 40 (1909)). Or, as the Supreme Court put it on another occasion, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 821 (1976); *see also Gentle v. Lamb-Weston*, 302 F. Supp. 161, 165 (N. D. Me. 1969) ("[S]ince 1887 the [U.S. Supreme] Court has condemned similar practices in a way which makes it clear that the federal

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

courts should be alert to protect their jurisdiction against cleverly-designed maneuvers designed by ingenious counsel to defeat it").

43. Under these circumstances and in the light of the command of the United States Supreme Court set forth in its decisions such as *Wecker, supra,* the District Court clearly has the authority to sever the New Jersey plaintiffs under Fed. R. Civ. P. Rules 20 and 21 on the grounds that they have been improperly joined and their citizenship shall therefore not be considered for purposes of determining whether diversity jurisdiction exists.[5]

44. Accordingly, this Court should disregard the citizenship of the two New Jersey Plaintiffs under fraudulent misjoinder jurisprudence. The Court should sever the non-diverse Plaintiffs' cases and remand them to state court while exercising jurisdiction over the overwhelming majority of Plaintiffs who *are* diverse from Defendants. Alternatively, the Court can stay action and let the MDL Court address any severance and remand after transfer of this case to MDL No. 2327.

## II. ETHICON HAS SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

45. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Ethicon, Inc. are attached as Exhibit A to the Declaration of Joshua J. Wes.

46. Los Angeles County, California, is located within the Central District of California, Western Division, *see* 28 U.S.C. § 84(c)(2), and, venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Central District of California,

5 In addition, Defendants note that Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a non-diverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19." *Safeco Inc. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994); *see, e.g.*, *Elliott v. Tilton*, 89 F.3d 260, 262 (5th Cir. 1996) ("We recognize that under Newman-Green, Inc. v. Alfonzo-Larrain, this Court has the authority to dismiss dispensable nondiverse parties."); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 397488, at *2 (S.D. Tex. Jan. 31, 2007) ("Rule 21 . . . permits district courts to dismiss non-diverse parties who are not indispensable so long as it does not prejudice any of the parties.").

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Western Division, is the "district and division embracing the place where such action is pending."

47. Ethicon, Inc. was served with a copy of the Complaint on July 29, 2013. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

48. The remaining Defendants have not yet been served. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (consent to remove of unserved defendants not required); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (same).

49. No previous application has been made for the relief requested herein.

50. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

51. Ethicon will promptly file a copy of this Notice with the Clerk of Court in the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

52. By removing this action to this Court, Ethicon does not waive any defenses, objections, or motions available under state or federal law. Ethicon expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

///

///

///

///

///

///

///

///

///

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

WHEREFORE, Ethicon gives notice that the matter bearing civil action number BC515056 in the Superior Court of the State of California, County of Los Angeles, is removed to this Court pursuant to 28 U.S.C. §§ 1441 et seq. Ethicon requests that this Court retain jurisdiction for all further proceedings in this matter until such time as it is transferred to the Ethicon MDL.

DATED: August 27, 2013

Tucker Ellis LLP

By: /s/ Joshua J. Wes

Joshua J. Wes
Attorneys for Defendant
ETHICON, INC.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

# CERTIFICATE OF SERVICE

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **August 27, 2013**, I served the following: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT ETHICON, INC.** on the interested parties in this action by:

**(X)** **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

**(X)** **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, addressed as follows:

Thomas V. Girardi
Amy F. Solomon
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017
***Attorneys for Plaintiffs***

Kurt B. Arnold, Esq.
Jason A. Itkin, Esq.
Noah M. Wexler, Esq.
ARNOLD & ITKIN
1401 McKinney Street, Suite 2550
Houston, TX 77010
***Attorneys for Plaintiffs***

J. Steve Mostyn, Esq.
THE MOSTYN LAW FIRM
3810 West Alabama Street
Houston, TX 77027
***Attorneys for Plaintiffs***

for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **August 27, 2013**, at Los Angeles, California

/s/ Cynthia M. Harris

CYNTHIA M. HARRIS

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge Gary A. Feess and the assigned Magistrate Judge is Charles F. Eick.

The case number on all documents filed with the Court should read as follows:

**2:13-CV-6288-GAF (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 27, 2013
Date

By MDAVIS
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Megan Moses, et al.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, and Does 1 through 500

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Thomas V. Girardi, Esq.
Amy F. Solomon, Esq.
Girardi Keese
1126 Wilshire Boulevard, Los Angeles, CA 90017
213-977-0211
(Attorneys for Plaintiffs)

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mollie F. Benedict, Esq.
Joshua J. Wes, Esq.
Lauren H. Bragin, Esq.
TUCKER ELLIS LLP
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
213-430-3400
(Attorneys for Defendant Ethicon, Inc)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1. Original Proceeding ☒ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi- District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ______

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a civil action between diverse parties and is removable under 28 U.S.C. Sections 1332, 1441, and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☒ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV13-06288

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Not apparent from Complaint | Allegedly Arizona, Arkansas, California, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Nevada, New Jersey, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Virginia, West Virginia, Wyoming |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Not apparent from Complaint | Allegedly Arizona, Arkansas, California, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Nevada, New Jersey, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Virginia, West Virginia, Wyoming |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** /s/ Joshua J. Wes DATE: August 27, 2013
Joshua J. Wes (SBN 238541)

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc. www.FormsWorkFlow.com